UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAUL ANTHONY McVAY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>FRANKLIN COUNTY, CAPTAIN RICK LONG, SHERIFF RICHARD LATHIM, SGT LESLIE MONROE, OFC ALFREDO DESANTIAGO, CPL YVETTE BRIONES, CPL JEREMY JANSKY, OFC PATRICK HADDOX, OFC SANDRA CLARK, OFC CESAR RIVERA, OFC MAYRA ROMERO, RN ILLENE ALEXANDER and RN CONNIE RODE,<br><br>　　　　　　　Defendants. | No.  4:14-CV-5056-EFS<br><br>**ORDER DISMISSING LAWSUIT WITHOUT PREJUDICE SUBJECT TO CONDITIONS** |

Following a telephonic hearing[1] on pro se Plaintiff Paul Anthony McVay's Motion to Dismiss Civil Complaint, ECF No. 114, and Motion for Courts Not to Consider Motion to Dismiss as Motion for Summary Judgment

---

[1] The telephonic hearing occurred on April 11, 2016. Participating by phone were Mr. McVay, Christopher Mertens for Defendants Illene Alexander and Connie Rhode, and John Justice for the other Defendants. Attorney Gary Metro also participated telephonically at the request of the Court.

ORDER -- 1

by Plaintiff, ECF No. 116, the Court dismisses this lawsuit without prejudice.

The telephonic hearing was conducted to ensure that Mr. McVay seeks dismissal of this lawsuit even though Mr. Metro has not guaranteed Mr. McVay that he will file a lawsuit on Mr. McVay's behalf to assert claims pertaining to the alleged facts underlying this lawsuit. Mr. McVay confirmed that he seeks dismissal of this lawsuit in order to provide Mr. Metro with additional time to review the record and the discovery conducted thus far so that he can determine whether he will represent Mr. McVay and file a lawsuit regarding the underlying facts. *See* Metro Decl., ECF No. 121. Rather than proceed pro se in this lawsuit, Mr. McVay desires voluntary dismissal of this lawsuit without prejudice. If Mr. McVay continued this pro se lawsuit, he would need to respond to Defendants' pending summary-judgment motions, ECF Nos. 106 & 111.

After hearing from Mr. McVay and reviewing the record, the Court finds Mr. McVay's dismissal request is knowing, intelligent, and voluntary. Defendants do not oppose dismissal without prejudice, understanding that the Court has the authority to grant dismissal without prejudice at this time, but Defendants ask the Court to impose certain conditions on the dismissal.

Federal Rule of Civil Procedure 41(a)(2) permits the court to dismiss a lawsuit at the plaintiff's request "on terms the court considers proper." Fed. R. Civ. P. 41(a)(2). Unless the order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice. *Id.* A court should grant a plaintiff's motion for voluntary dismissal unless a defendant can show that it will suffer plain legal prejudice as a

result. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). Plain legal prejudice is a high standard and is not satisfied simply because a defendant faces the prospect and inconvenience of a second lawsuit or because a plaintiff will gain a tactical advantage. *Id.* at 145-46. However, a court may award costs to a defendant to reduce resulting economic prejudice to that defendant. *Id.* at 145; *Mitchell-Jones v. Menzies Aviation, Inc.*, No. C-10-1190JLR, 2011 WL 3273221, at 4 (W.D. Wash. July 28, 2011).

After considering Mr. McVay's request for a voluntary dismissal and statements at the hearing, under this lenient Rule 41(a)(2) standard, the Court dismisses this lawsuit without prejudice. But the Court finds it appropriate to impose the following requested conditions:

1. If Mr. McVay re-files the same or a substantially similar lawsuit in any other court, he or his counsel may not object to Defendants' use of any discovery conducted, exchanged, or obtained in this litigation on grounds that the discovery was not conducted, exchanged or obtained in the re-filed suit; and

2. If Mr. McVay re-files the same or a substantially similar lawsuit in any other court, he shall bear Defendants' reasonable attorney's fees and costs from this lawsuit for discovery, motions practice, or any other items, which Defendants are able to demonstrate cannot be used in the future litigation (the court presiding over the re-filed action will have jurisdiction to hear Defendants' motion for reasonable attorney's fees and costs).

ORDER -- 3

Accordingly, **IT IS HEREBY ORDERED**:

1. Mr. McVay's Motion to Dismiss Civil Complaint, **ECF No. 114**, and Motion for Courts Not to Consider Motion to Dismiss as Motion for Summary Judgment by Plaintiff, **ECF No. 116**, are **GRANTED**.
2. All other pending motions are **DENIED AS MOOT**.
3. All hearings and trial are **STRICKEN**.
4. This lawsuit is **DISMISSED** without prejudice subject to the above-listed conditions on page 3.

**IT IS SO ORDERED**. The Clerk's Office is directed to enter this Order and provide a copy to counsel, Plaintiff Paul Anthony McVay (Inmate No. 824869, Clallam Bay Corrections Center, 1830 Eagle Crest Way, Clallam Bay, WA 98326), and Gary Metro (719 Jadwin Ave., Richland, WA 99352).

**DATED** this  12th  day of April 2016.

                              s/Edward F. Shea
                              EDWARD F. SHEA
                    Senior United States District Judge

Q:\EFS\Civil\2014\5056.status.dismiss.lc1.docx

ORDER -- 4